**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUNDAY A. ZOKARI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-04-940-M |
| ) | |
| ROBERT M. GATES, Secretary of the ) | |
| Department of Defense, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This case is scheduled for trial on the Court's April, 2007 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed November 20, 2006. On January 25, 2007, plaintiff filed his response, and on February 26, 2007, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff Sunday A. Zokari is a naturalized United States citizen from Nigeria. On May 8, 2000, plaintiff began employment with the Defense Contract Audit Agency ("DCAA") as an auditor trainee at the DCAA's Oklahoma City sub-office. On February 26, 2001, plaintiff was terminated. The DCAA asserts that plaintiff was terminated for poor work performance.

On August 2, 2004, plaintiff brought the instant action alleging discrimination based upon his race and national origin and retaliation based upon his refusal to take English classes the DCAA requested. Defendant now moves for summary judgment on plaintiff's claims.

II.  Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving

party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

   A.   Race and National Origin Discrimination Claims

To establish a prima facie case of race and national origin discrimination, plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for his position; (3) despite his qualifications, he was discharged; and (4) his position was not eliminated after his discharge. *See Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005); *Perry v. Woodward*, 199 F.3d 1126, 1135 (10th Cir. 1999). "[T]he burden imposed on a plaintiff at the prima facie stage is not onerous." *Ortiz v. Norton*, 254 F.3d 889, 895 (10th Cir. 2001) (internal quotations and citations omitted).

In the case at bar, it is undisputed that plaintiff is a member of a protected class, that he was discharged, and that his position was not eliminated after his discharge. Thus, the only element of

plaintiff's prima facie case that is disputed is whether plaintiff was qualified for his position. The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether he was qualified for his position.

Once plaintiff has established a prima facie case of discrimination, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for terminating plaintiff's employment. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000). Defendant asserts plaintiff was terminated because he was not satisfactorily performing his job. The Court finds defendant has met its burden to produce a legitimate, non-discriminatory reason for terminating plaintiff's employment.

Because defendant has provided a legitimate, non-discriminatory reason for discharging plaintiff, the burden shifts to plaintiff to show that there is a genuine issue of material fact as to whether defendant's explanation is pretextual. *Id.* Pretext can be established if the plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the

evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether defendant's reason for plaintiff's termination is pretextual. Specifically, as set forth above, plaintiff has presented evidence that he was qualified for his position and was performing his job as an auditor trainee in a satisfactory manner. Further, plaintiff has presented evidence that he did not receive the same amount of training from his supervisors or mentoring as the other auditor trainees. Additionally, plaintiff has presented evidence that his supervisors made negative comments about his accent when there had been no complaints by the other auditors or contractors with whom he worked.

Accordingly, the Court finds that defendant's motion for summary judgment should be denied as to plaintiff's race and national origin discrimination claims.

    B.    <u>Retaliation Claim</u>

To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000). In relation to the first element, Title VII prohibits an employer from discriminating against an employee because he has "participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). The participation clause of Title VII "protects proceedings and activities which occur in conjunction with or after the filing of a formal charge with the EEOC . . . ." *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000).

In the case at bar, it is undisputed that plaintiff did not file a formal charge with the EEOC

until after he was terminated. Accordingly, the Court finds that plaintiff cannot show any causal connection between the filing of his charge with the EEOC and any adverse employment action. The Court, therefore, finds that defendant is entitled to summary judgment as to plaintiff's retaliation claim.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Summary Judgment [docket no. 42] as follows:

(A)   The Court GRANTS the Motion for Summary Judgment as to plaintiff's retaliation claim, and

(B)   The Court DENIES the Motion for Summary Judgment as to plaintiff's race and national origin discrimination claims.

**IT IS SO ORDERED this 16th day of March, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE