**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SUNDAY A. ZOKARI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-940-M |
| | ) |
| ROBERT M. GATES, Secretary of | ) |
| the Department of Defense, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are plaintiff's Motion to Strike Jury Panel, filed March 29, 2007, and plaintiff's Amended Motion to Strike Jury Panel, filed April 23, 2007. On May 1, 2007, defendant filed his objection.

Plaintiff is a naturalized American citizen from Nigeria who was employed by defendant at the Defense Contract Audit Agency as an auditor trainee from May, 2000 to February, 2001, when he was terminated. Plaintiff brought the instant action against defendant, alleging that he was illegally terminated under Title VII of the Civil Rights Act on the basis of his race and national origin.

Plaintiff asserts that the process of jury selection in the Western District of Oklahoma directly contravenes the policy of the Federal Jury Selection and Service Act of 1968, the Fifth Amendment, and the Sixth Amendment. Specifically, plaintiff asserts that the process which the Western District uses to select its juries violates the fair cross section requirement because African-Americans are a distinctive group, and as a group, they are systematically excluded in the jury selection process. Plaintiff, therefore, moves the Court to strike the jury panel in the instant case.

> To establish a violation of the fair cross section requirement, [a party] must show (1) that the group alleged to be excluded is a "distinctive"

> group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to *systematic* exclusion of the group in the jury-selection process. The Fifth Amendment requires a substantially similar showing, that the district's system resulted in substantial under-representation of a distinct group over a substantial period of time.

*United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (internal citation omitted) (emphasis in original).[1]

There is no dispute in the case at bar that plaintiff satisfies the first element – the group alleged to be excluded is a "distinctive" group in the community. Regarding the second element – whether the distinctive group's representation is fair and reasonable in relation to their representation in the community – the Tenth Circuit has "consistently relied upon two measurements: absolute and comparative disparity." *Id.* at 798.[2]

> Absolute disparity is determined by subtracting the percentage of a group in the jury wheel from the percentage of that same group in the general population. Comparative disparity is determined by dividing the absolute disparity of a group by the percentage of that group in the general population. While absolute disparity measures the difference between the percentage of a group in the general population and its percentage in the qualified wheel, comparative disparity measures the decreased likelihood that members of a distinct and under-represented group will be called for a jury. In order to warrant judicial intervention, the disparities must be "gross" or "marked."

*Id.* (internal citations omitted).

---

[1] A claim of violating the Jury Selection and Service Act, 28 U.S.C. §§ 1861-1869, is evaluated under the Sixth Amendment standard. *Id.* at 797, n.6.

[2] Although the Tenth Circuit has consistently relied upon absolute and comparative disparity, neither plaintiff nor defendant provided these measurements nor even discussed them.

Based upon the 2000 United States Census Data for the counties that comprise the Western District-Oklahoma City Division,[3] the Court determines that the percentage of African-Americans in these counties is 8.86%. Based upon the Source List Race/Gender Reports for April, 2006 through April, 2007,[4] the Court determines the percentage of African-Americans in the qualified venire is 6.55%. Based upon these figures, the Court determines that the absolute disparity is 2.31%, and the comparative disparity is 26.07%.[5]

Selection mechanisms with both absolute and comparative disparities higher than those presented in this case have been upheld. *See, e.g., Orange*, 447 F.3d 792 (upholding mechanism with 3.57% absolute disparity and 41.37% comparative disparity). Accordingly, the Court finds that the absolute and comparative disparity figures in this case are not "gross" or "marked" and are, therefore, insufficient to establish that the representation is not fair and reasonable.

Finally, the Court does not find any systematic exclusion in the Western District's jury selection methods. Plaintiff alleges a systematic exclusion on the following bases: (1) the clerk's office's fails to update addresses before mailing questionnaires and fails to locate those whose questionnaires were returned as undeliverable, thereby decreasing representation in the more mobile minority population; (2) the minority population is less likely to return the juror questionnaires, and the clerk's office takes no further follow-up action; and (3) the voter registration list is itself

---

[3]The 2000 United States Census Data was attached as exhibit B to plaintiff's Motion to Strike Jury Panel.

[4]The Source List Race/Gender Reports were attached as exhibit AD to plaintiff's Amended Motion to Strike Jury Panel.

[5]The Court would further note that the percentage of African-Americans in the April, 2007 qualified venire is 8.00%, which results in an absolute disparity of .86% and a comparative disparity of 9.71%. These disparities are clearly not "gross" or "marked."

unrepresentative because minorities are less likely to register to vote as their majority counterparts. The Tenth Circuit has held that none of the above-referenced causes for under-representation constitute systematic exclusion. *Id.* at 800.

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Strike Jury Panel [docket no. 76] and plaintiff's Amended Motion to Strike Jury Panel [docket no. 103].

**IT IS SO ORDERED this 4th day of May, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE